1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

9
10

THE LONES GROUP, INC., a Washington corporation,

NO.

11

Plaintiff,

**COMPLAINT**

12

v.

13

DANIEL ROTHAMEL, an individual; and STRONG TEAM REALTORS, INC., a Virginia corporation,

**DEMAND FOR JURY TRIAL**

14
15

Defendants.

16

17       THE LONES GROUP, INC. ("Lones" or "Plaintiff") hereby alleges for its

18    complaint against DANIEL ROTHAMEL ("Rothamel") and STRONG TEAM

19    REALTORS, INC. ("STR") (together, "Defendants"), upon personal information as to

20    their own activities, and upon information and belief as to the activities of others, as

21    follows:

22                     **I.      NATURE OF THIS ACTION**

23       1.      Lones is a preeminent source of electronic publishing and weblog ("blog")

24    services in the field of real estate.  Lones is well known for its distinctive trade dress used

25    in connection with these services (the "Lones Trade Dress"), which features an image of

26    a zebra and zebra stripes.

27       2.      Lones is also well known for its family of trademarks, THE ZEBRA BLOG

28    and THE ZEBRA REPORT (the "Lones Marks") used in connection with its electronic

COMPLAINT - 1

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  publishing and blog services.

2      3.      Defendants offer blog services in the field of real estate.  In connection with

3  those services, Defendants use a confusingly similar design (the "Infringing Trade

4  Dress") which copies several unique and distinctive elements of the Lones Trade Dress.

5  Defendants also use an infringing mark, REAL ESTATE ZEBRA (the "Infringing

6  Mark") to promote their services.

7      4.      Plaintiff brings this action because it is suffering substantial harm as a

8  result of Defendants' infringement and Defendants' unfair business practices associated

9  therewith.  Defendants' conduct was and is calculated to cause injury to Plaintiff in the

10  State of Washington.

11                          **II.      THE PARTIES**

12      5.      Plaintiff THE LONES GROUP, INC. is a Washington corporation with its

13  principal place of business in Bellingham, Washington.

14      6.      On information and belief, Defendant DANIEL ROTHAMEL is a resident

15  of Palmyra, Virginia.

16      7.      On information and belief, Defendant STRONG TEAM REALTORS, INC.

17  is a Virginia corporation with its principal place of business in Palmyra, Virginia.

18      8.      Each defendant aided and abetted the actions of the other defendant, in that

19  both defendants had knowledge of those actions, provided assistance and benefitted from

20  those actions.  Each of the defendants was the agent of the other defendant, and in doing

21  the things hereinafter alleged, was acting within the course and scope of such agency and

22  with the permission and consent of the other defendant.

23                      **III.      JURISDICTION AND VENUE**

24      9.      This Court has subject matter jurisdiction over this action pursuant to 28

25  U.S.C. §§ 1331 and 1338(a).

26      10.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

27  because the parties are citizens of different states and the amount in controversy exceeds

28  $75,000.

COMPLAINT - 2                  **NEWMAN & NEWMAN,**          505 Fifth Ave. S., Ste. 610
                               **ATTORNEYS AT LAW, LLP**      Seattle, Washington 98104
                                                                  (206) 274-2800

11.     This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over Defendants, and each of them, pursuant to FED. R. CIV. P. 4(k)(1)(A) because each defendant could be subjected to the jurisdiction of a court of general jurisdiction in the state in which this Court is located, and pursuant to RCW § 4.12.025 because the defendants, and each of them, have engaged in unfair competition having an effect in this state.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## IV.     FACTS

**A.     The Lones Marks and the Lones Trade Dress**

14.     For many years, Plaintiff has been known by consumers throughout the United States as the "real estate zebra company."

15.     Plaintiff has published its real estate newsletter, "The Zebra Report", since 2005.

16.     Plaintiff has provided blog services to consumers in the field of real estate since at least November 2007 in connection with the mark "The Zebra Blog", which is accessible at <http://thelonesgroup.wordpress.com>.

17.     At least as early as 2005, Plaintiff began using the distinctive Lones Trade Dress, which features zebra stripes and other zebra images.

18.     Plaintiff's family of Lones Marks — both of which contain the dominant term ZEBRA —have acquired secondary meaning, as has the Lones Trade Dress. Consumers throughout the United States have long associated the Lones Marks and Lones Trade Dress with Plaintiff and its real estate-related services.

**B.     Defendants' Infringement**

19.     Subsequent to Lones's first use of THE ZEBRA REPORT mark and the Lones Trade Dress, Defendants registered the domain name <realestatezebra.com>.

20.     Defendants are direct competitors of Plaintiff.  On the website accessible via <http://www.realestatezebra.com> (the "Infringing Website"), Defendants offer competing blog services in the field of real estate, to the same types of consumers as does Plaintiff.

21.     Defendants use the Infringing Mark, REAL ESTATE ZEBRA, in connection with their competing services.

22.     Defendants offer their services to U.S. residents, including but not limited to residents of the State of Washington.

23.     Defendants have infringed the Lones Marks by offering services to consumers under the Infringing Mark, which is confusingly similar to the Lones Marks.

24.     Defendants have infringed the Lones Trade Dress by offering services to consumers under the Infringing Trade Dress, which is confusingly similar to the Lones Trade Dress.

25.     Defendants' use of the Infringing Mark is likely to cause, and actually causes, confusion among consumers regarding the source and quality of Plaintiff's services.  Because consumers associate the Lones Marks with Plaintiff, Defendants' use of the Infringing Mark causes consumers to believe that Plaintiff is the source of real estate services offered by Defendants.  Accordingly, Defendants are unfairly diverting business away from Plaintiff.

26.     Defendants' use of the Infringing Trade Dress copies unique and distinctive elements of the Lones Trade Dress.  By way of example and without limitation, the Infringing Trade Dress, used in connection with Defendants' competing services, features zebra stripes and the eye of a zebra gazing out at the viewer.  Defendants' use of the Infringing Trade Dress in connection with the Infringing Mark causes additional consumer confusion.

27.     Defendants' acts alleged herein have been willful and have been taken with full knowledge of Plaintiff's rights and with the intent to appropriate benefits to which Defendants are not entitled.

COMPLAINT - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

28.     Defendants' unlawful actions have caused and continue to cause irreparable injury to Plaintiff, and if those actions are not stopped the harm to Plaintiff will increase.

29.     Plaintiff has no adequate remedy at law.

## V.     FIRST CAUSE OF ACTION
## TRADEMARK AND TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

30.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

31.     Defendants' use of the Infringing Mark and Infringing Trade Dress is misleading to consumers, and is likely to cause confusion or mistake, or to deceive as to i) the affiliation, connection, or association of Defendants with Plaintiff and/or ii) the origin, sponsorship, or approval of Defendants' blog services.

32.     Defendants' conduct constitutes unfair competition.

33.     As a result of Defendants' conduct, Plaintiff has suffered harm to its reputation and goodwill, and unless Defendant is restrained and enjoined, Plaintiff will continue to suffer harm from Defendants' conduct.

## VI.     SECOND CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

34.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 33 above as though fully set forth herein.

35.     Defendants engaged in the use of the Infringing Mark and Infringing Trade Dress for the purpose of deceiving the public.

36.     Defendants are Plaintiff's business rivals.

37.     Defendants' use of the Infringing Mark and Infringing Trade Dress has improperly induced the consumption of Defendants' services, thereby conferring on Defendants benefits that properly belong to Plaintiff.

38.     Defendants have, through their unfair competitive practices, induced the public to believe that the services Defendants offer are the services of Lones.

COMPLAINT - 5

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

39.     Consequently, Defendants have thereby appropriated to themselves the value of the reputation that Lones acquired for its own services.

40.     Defendants' conduct as alleged herein constitutes unfair competition against Plaintiff.

41.     As a result of Defendants' unfair competition, Plaintiff has suffered, and unless said conduct is restrained and enjoined will continue to suffer, harm to its business, including loss of revenue, customers, and goodwill.

## VII.    THIRD CAUSE OF ACTION
## VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT
## RCW § 19.86.010

42.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 41 above as though fully set forth herein.

43.     Defendants have committed unfair and deceptive acts as set forth above.

44.     Defendants have used the Infringing Mark and Infringing Trade Dress to divert Plaintiff's customers unfairly from Plaintiff to Defendants, and for the purpose of defrauding consumers into believing that Defendants' services are really Plaintiff's services.

45.     Defendants have misappropriated, and continue to misappropriate, Plaintiff's customers via the unfair use of the Infringing Mark and Infringing Trade Dress.

46.     Consumers are deceived by Defendants' acts.

47.     Defendants' unfair and deceptive acts occurred in the conduct of trade or commerce.

48.     Defendants' unfair and deceptive acts have an impact on the public interest.

49.     Defendants' unfair and deceptive acts caused harm, including monetary injuries, to Plaintiff.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## VIII.  RELIEF REQUESTED

WHEREFORE, Plaintiff THE LONES GROUP prays for the following relief:

1.      Injunction.  That, pursuant to 15 U.S.C. § 1116 and RCW § 19.86.090, the Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and their officers, agents, servants, employees, attorneys, parents, subsidiaries and related entities and all persons acting for, with, by, through or under them, and each of them, from:

      a.      using in any manner the trademarks THE ZEBRA BLOG or THE ZEBRA REPORT, and any other term or terms likely to cause confusion therewith, including specifically REAL ESTATE ZEBRA;

      b.      using in any manner the trademarks THE ZEBRA BLOG or THE ZEBRA REPORT, and any other term or terms likely to cause confusion therewith, including specifically REAL ESTATE ZEBRA, in a manner likely to create the erroneous belief that Defendants' services are authorized by, sponsored by, licensed by or in any way associated with Plaintiff;

      c.      using in any manner the Infringing Trade Dress, and any similar trade dress, in a manner likely to create the erroneous belief that Defendants' services are authorized by, sponsored by, licensed by or in any way associated with Plaintiff; and

      d.      otherwise engaging in any other acts or conduct that would cause consumers erroneously to believe that Defendants' services are somehow sponsored by, authorized by, licensing by, or in any way associated with Plaintiff.

2.      Compensatory Damages in Amount of Plaintiff's Loss.  That Defendants be required to pay to Plaintiff all damages sustained by Plaintiff.

3.      Compensatory Damages in Amount of Defendants' Gain.  That Defendants

COMPLAINT - 7

be required to account for and pay to Plaintiff all monetary benefits obtained by reason of Defendants' unlawful acts alleged herein.

4. <u>Punitive Damages</u>. That Defendants be required to pay punitive damages.

5. <u>Compliance Report</u>. That the Court require Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner in which Defendants have complied with the requirements of the Court's judgment and corresponding order..

6. <u>Attorneys' Fees and Costs</u>. That the Court award Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and RCW § 19.86.090.

7. <u>Treble Damages</u>. That the Court award Plaintiff three times the amount of its actual damages pursuant to 15 U.S.C. § 1117(a) and RCW § 19.86.090.

8. <u>Other Equitable Relief</u>. That Plaintiff receive such other and further relief as the Court may deem appropriate.

DATED this 22nd day of February, 2011.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: _____
Derek Newman, WSBA No. 26967
Randall Moeller, WSBA No. 21094
Charlotte Williams, WSBA No. 42864

Attorneys for Plaintiff
THE LONES GROUP, INC.

COMPLAINT - 8

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1

**JURY DEMAND**

2          Pursuant to FED. R. CIV. P. 38(b), Plaintiff THE LONES GROUP demands a trial

3    by jury of all issues presented in this complaint which are triable by jury.

4

5          DATED this 22nd day of February, 2011.

6

7                                    NEWMAN & NEWMAN,
                                     ATTORNEYS AT LAW, LLP
8
                          By: _____
9                                    Derek Newman, WSBA No. 26967
                                     Randall Moeller, WSBA No. 21094
10                                   Charlotte Williams, WSBA No. 42864

11                                   Attorneys for Plaintiff
                                     THE LONES GROUP, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT - 9

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800